UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

NISSA S.,

Plaintiff, DECISION AND ORDER
1:25-CV-03913-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In May of 2022, Plaintiff Nissa S.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Dennis Kenny Law, Josephine Gottesman, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13).

This case was referred to the undersigned on June 17, 2026. Presently pending is Plaintiff's Motion for Remand for Further

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Administrative Proceedings. (Docket No. 10). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on May 19, 2022, alleging disability beginning September 29, 2021. (T at 175-180).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on March 12, 2024, before ALJ Michael Stacchini. (T at 37-60). Plaintiff appeared with an attorney and testified. (T at 45-56). The ALJ also received testimony from Joseph Atkinson, a vocational expert. (T at 56-58).

### *B. ALJ's Decision*

On May 29, 2024, the ALJ issued a decision denying the application for benefits. (T at 7-27). The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 19, 2022 (the date she applied for benefits). (T at 12). The ALJ concluded that Plaintiff's anxiety, depression, traumatic brain injury, migraine headaches, learning disorder,

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

neurodevelopmental disorder, and posttraumatic stress disorder were severe impairments as defined under the Social Security Act. (T at 12).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following environmental and non-exertional limitations: she must avoid unprotected heights and hazardous machinery; she is limited to a moderate sound noise level and moderate lighting level; she is capable of understanding, remembering, and carrying out simple routine tasks, with decision making and changes in work setting related to simple routine repetitive tasks; and she can have occasional interaction with the public, coworkers, and supervisors. (T at 15).

The ALJ found that Plaintiff had no past relevant work. (T at 22).

Considering Plaintiff's age (28 on the application date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 22).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 19, 2022 (the application date) and May 29, 2024 (the date of the ALJ's decision). (T at 23).

On March 10, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on May 9, 2025. (Docket No. 1). On August 13, 2025, Plaintiff filed a motion for remand for further administrative proceedings, supported by a memorandum of law. (Docket Nos. 10,11). On December 23, 2025, the Commissioner filed a brief in opposition to the motion and requested judgment on the pleadings. (Docket No. 17).

## II. APPLICABLE LAW

*A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the denial of benefits. First, she contends that the ALJ erred in assessing the impact of her mental impairments and migraines. Second, Plaintiff challenges the ALJ's step five analysis. The Court will address each argument in turn.

### *A. Mental Impairments and Migraines*

As noted above, the ALJ recognized Plaintiff's migraine headaches and multiple mental health diagnoses as severe impairments, as defined

under the Social Security Act. (T at 12). The ALJ concluded, however, that Plaintiff retained the RFC to perform a reduced range of work, with specified environmental and non-exertional limitations. (T at 15).

The Court finds the ALJ's decision is supported by substantial evidence.

First, the ALJ's assessment of Plaintiff's mental functioning is supported by medical opinion evidence.

Dr. Alison Murphy performed a consultative psychiatric evaluation in September of 2022. She diagnosed specific learning disorder, history of unspecified depressive disorder, and history of unspecified anxiety disorder. (T at 368-69). Dr. Murphy opined that Plaintiff had no limitation with respect to understanding, remembering, or applying simple or complex directions or instructions; mild impairment as to using reason and judgment to make work-related decisions; no limitation with respect to social interaction; moderate impairment in sustaining concentration and performing at pace; no limitation sustaining a routine and regular attendance; and no impairment in her ability to regulate emotions, control behavior, and maintain well-being. (T at 368).

In that same month, Dr. K. Lieber-Diaz, a non-examining State Agency review physician, opined that Plaintiff had moderate impairment in

her ability to understand, remember, or apply information; mild limitation as to social interaction; moderate impairment with respect to concentration, persistence, and pace; and mild limitation in adapting or managing herself. (T at 65). Dr. Lieber-Diaz believed Plaintiff could meet the mental demands of unskilled work. (T at 66). Dr. J Ochoa, another State Agency review physician, made essentially the same findings in September of 2023.

In July of 2023, Dr. Konstantinos Tsoubris performed a consultative psychiatric evaluation. He diagnosed unspecified neurodevelopmental disorder, major depressive disorder (moderate), generalized anxiety disorder with panic attacks, and post-traumatic stress disorder. (T at 446).

Dr. Tsoubris opined that Plaintiff had moderate limitation in her ability to understand, remember, or apply simple directions; marked impairment as to using reason and judgment to make work-related decisions; marked limitation as to social interaction; marked impairment in sustaining concentration and performing at pace; marked limitation in sustaining a routine and maintaining attendance; and marked impairment with respect to regulating emotions, controlling behavior, and maintaining well-being. (T at 445).

In February of 2024, Dr. Jonathan Weiss, Plaintiff's primary care physician, completed a medical source statement. Dr. Weiss treated

Plaintiff every 3 to 4 months since April of 2022. (T at 466). He diagnosed headaches, depression, and anxiety. (T at 466). Dr. Weiss opined that Plaintiff would be off-task 25% or more of the time and would experience a stress reaction being around others. (T at 469).

The ALJ assessed moderate limitation in Plaintiff's ability to understand, remember, and apply information; interact with others; concentrate, persist, and maintain pace; and adapt or manage herself. (T at 13-14).

As discussed above, the ALJ concluded that Plaintiff retained the RFC to meet the mental demands of basic work activity, provided she was only required to understand, remember, and carry out simple routine tasks, with decision making and changes in work setting related to simple routine repetitive tasks; and she only needed to have occasional interaction with the public, coworkers, and supervisors. (T at 15).

The ALJ's assessment of moderate impairment in Plaintiff's mental functioning is supported by the opinions from Dr. Murphy, Dr. Lieber-Diaz, and Dr. Ochoa. Plaintiff points to evidence of marked limitations, including the opinions provided by Dr. Tsoubris and Dr. Weiss. As discussed further below, the ALJ reasonably found the highly restrictive aspects of those

opinions inconsistent with the other medical opinion evidence and with the treatment record. (T at 18-20).

Moreover, the ALJ adequately accounted for Plaintiff's mental limitations, including impairment with respect to social interaction, sustaining a schedule, coping with stress, and sustaining concentration and pace, by limiting her to unskilled work, involving only simple, routine, repetitive tasks and requiring no more than occasional interaction with others. (T at 15). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

The ALJ's assessment of no more than moderate impairment in Plaintiff's mental functioning is also supported by a reasonable reading of the record, which evidences generally unremarkable mental status findings.

(T at 268-69, 273-74, 279, 290, 298, 310-11, 320, 346, 348, 367-68, 372-73, 374, 388, 392-93, 397-98, 418, 423, 500, 510-11, 549, 552).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

The ALJ's assessment of moderate impairment in Plaintiff's mental functioning is also supported by Plaintiff's activities of daily living, which included independent living, using public transportation, shopping,

attending to household tasks and personal care, and interacting with family. (T at 16, 18-19, 46-49, 212-15, 368, 376, 445).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of marked or extreme impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See, e.g., Riaz v. Comm'r of Soc. Sec*., No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

Regarding Plaintiff's migraines, the ALJ found that Plaintiff was limited to a work environment with only moderate noise and lighting, which were identified as triggers for her headaches. (T at 21). In reaching this conclusion, the ALJ relied on consistently normal neurological findings and treatment notes showing improvement with treatment. (T at 17-18, 423, 482, 498, 554).

Although Dr. J. Rosenthal, a non-examining State Agency review physician, opined that Plaintiff needed to avoid even moderate exposure to noise (T at 96), the ALJ reasonably found this limitation inconsistent with Plaintiff's testimony that her headaches were triggered only by loud noise.

(T at 20-21, 53). In addition, Dr. Kautilya Puri, a neurologist who performed a consultative examination in October of 2022, noted that Plaintiff suffered from chronic headaches, but did not assess any functional limitations. (T at 378).

For these reasons the ALJ's analysis, and incorporation of environmental limitations into the RFC, must be sustained under the deferential standard of review applicable here. *See McGinley v. Comm'r of Soc. Sec.*, No. 1:18-CV-129-TPK, 2019 WL 2089832, at *5 (W.D.N.Y. May 13, 2019)("The ALJ both correctly summarized and adequately discussed the treatment records, which are somewhat sparse, and determined, based on that evidence, that Plaintiff's headaches were adequately controlled to the point that they did not interfere with his ability to work, at least beyond those limitations contained in the ALJ's residual functional capacity finding."); *Christine M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01226-MJR, 2022 WL 130900, at *8 (W.D.N.Y. Jan. 14, 2022)("Although plaintiff argues that the evidence warranted additional RFC restrictions for migraines, she has not supported her conclusion with reference to any evidence that the ALJ overlooked or improperly discredited."); *see also Grant v. Saul*, No. 3:18-CV-00261 (KAD), 2020 WL 1307106, at *5 (D. Conn. Mar. 18, 2020).

*B. Step Five Analysis*

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 22-23).

In reaching this conclusion, the ALJ relied on the opinion of a vocational expert, who testified that a hypothetical claimant with the limitations set forth in the RFC determination could perform the representative occupations of laboratory equipment cleaner, hospital food service worker, and mail clerk, which exist in significant numbers in the national economy. (T at 22-23, 56-57).

Plaintiff objects to the representative occupations as obsolete and to the vocational expert's testimony as based on outdated information.

Some courts have expressed concern in cases where the ALJ relied on representative occupations that appeared to be obsolete. *See, e.g., Feeley v. Comm'r of Soc. Sec.*, No. CIV. 14-4970 KM, 2015 WL 3505512, at *11 (D.N.J. June 3, 2015); *Maldonado v. Comm'r of Soc. Sec.*, No. 21-

CV-7594 (RWL), 2023 WL 243617, at *10 (S.D.N.Y. Jan. 18, 2023); *Applefeld v. Comm'r, Soc. Sec. Admin*., No. CV SAG-17-517, 2018 WL 1136571, at *5, n. 1 (D. Md. Mar. 1, 2018); *Lynch v. O'Malley*, No. 22-CIV-5620-CS-AEK, 2024 WL 728483, at *14 (S.D.N.Y. Feb. 21, 2024).

Other courts, including the Second Circuit in an unpublished opinion have declined to accept this type of argument, finding that the ALJ is entitled to rely on the vocational expert's testimony and refusing to make a judicial finding as to whether an occupation is obsolete. *See Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011)("We decline Bavaro's invitation to take judicial notice of the decline of the photofinishing industry and deem the position infeasible for her. A vocational expert testified to the existence of such jobs at the national and regional level. The ALJ was entitled to credit that testimony … and we will not disturb that finding based upon Bavaro's conclusory proclamations to the contrary."); *see also Angi W. v. Comm'r of Soc. Sec*., No. 21 Civ. 0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023) ("[T]he Court would be loath to conduct its own analysis of job types and job availability and second guess the vocational expert's conclusions."); *Lucius R. v. O'Malley*, No. 3:22-CV-01312-MPS, 2024 WL 1200181, at *22 (D. Conn. Jan. 22, 2024); *Medranda v. O'Malley*, No. 23 CIV. 6633 (SLC), 2024 WL 4100567, at *8

(S.D.N.Y. Sept. 6, 2024)("The Court is not the proper authority to assess the types of jobs Ms. Medranda could perform and how many positions exist in the national economy.").

On June 22, 2024, the Social Security Administration issued an "Emergency Message" imposing heightened requirements on ALJs considering certain representative occupations "whose continued widespread existence multiple courts have questioned." *See Denise W. v. Comm'r of Soc. Sec.*, No. 23-CV-1098S, 2025 WL 322249, at *7 n.4 (W.D.N.Y. Jan. 29, 2025)(quoting Soc. Sec. Admin. Emergency Message (EM)-24027).

When faced with one of the designated occupations, the ALJ is required to obtain additional evidence that the occupation's requirements, as is presently performed, are consistent with the claimant's RFC and that the position still exists in the national economy in numbers that alone, or in combination with other representative occupations, are significant. *See Coles v. Comm'r of Soc. Sec.*, No. 24-CV-6119 (OEM), 2025 WL 2024366, at *6 (E.D.N.Y. July 21, 2025).

Notably, however, none of the representative occupations identified by the vocational expert in this case were included on the list of potentially obsolete occupations. *See* EM-24027, at

https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last accessed on July 6, 2026).

The Court, therefore, finds no error in the ALJ's step five analysis.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand for Further Administrative Proceedings (Docket No. 10) is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: July 7, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge